1

2

3              IN THE UNITED STATES DISTRICT COURT

4          FOR THE NORTHERN DISTRICT OF CALIFORNIA

5

6   In re:                                    Case No.  19-cv-06194-MMC
                                              Bankruptcy Case No. 14-54232 MEH
7
    PACIFIC THOMAS CORPORATION,               **ORDER DENYING NINTH REQUEST
8                                             FOR EXTENSION; DIRECTING
           Debtor                             APPELLANT TO SHOW CAUSE WHY
9                                             APPEAL SHOULD NOT BE
                                              DISMISSED FOR FAILURE TO FILE
10                                            OPENING BRIEF**

11

12          On June 13, 2019, appellant Welton Penney filed in the Bankruptcy Court a Motion

13  for Order Granting Relief from the Automatic Stay; on July 1, 2019, the Bankruptcy Court

14  denied the motion as moot, on the ground the state court action identified in said motion

15  had been dismissed in 2015.  Thereafter, on July 15, 2019, appellant filed a Motion for

16  Reconsideration; on August 19, 2019, the Bankruptcy Court denied the motion, on the

17  ground appellant had failed to identify any cognizable basis for reconsidering the finding

18  that the motion filed on June 13, 2019, was moot.[1]

19          On September 30, 2019, appellant Welton Penney filed a notice of appeal from the

20  order denying his motion for reconsideration, thereby instituting the above-titled action.

21  Appellant's opening brief was initially due on November 8, 2019.  (See Doc. Nos. 2, 3.)

22  Shortly before said deadline, appellant filed an Administrative Request for an order

23  extending the deadline to December 24, 2019, which Administrative Request the Court

24  granted.  Thereafter, appellant filed, between December 27, 2019, and June 28, 2020,

25  _____

26          [1] The Motion for Reconsideration was primarily based on appellant's having filed a
    new state court action on July 12, 2019.  A review of the docket of the above-referenced
27  bankruptcy proceeding, however, indicates appellant never filed a motion for relief from
    any automatic stay applicable to that later-filed case.  See B.L.R. 4001-1 (setting forth
28  required procedure for party who seeks relief from automatic stay).

1   seven additional Administrative Requests, each seeking a further extension of time.  The

2   Court granted each of those Administrative Requests.  In the order granting the last of

3   those Administrative Requests, however, which order extended the deadline to July 27,

4   2020, the Court stated:  "As the instant filing constitutes the eight request for [an

5   extension of time], no further extension will be granted."  (See Order, filed July 7, 2020, at

6   2:8.)

7          As of the end of the day on July 27, 2020, appellant had not filed his opening brief.

8   Rather, the next day, July 28, 2020, appellant filed his ninth Administrative Request for

9   an extension of time to file his opening brief.  In said ninth Administrative Request, in

10  which appellant makes no reference to the Court's determination that no further

11  extension would be granted, he does not identify any new circumstances, let alone any

12  such circumstance that might warrant reconsideration of the Court's Order of July 7,

13  2020.  Rather, appellant merely repeats the same circumstances he had identified in his

14  eighth Administrative Request, which circumstances include his decision to spend his

15  time engaging in discovery and other matters in a different action, rather than working on

16  his opening brief in the instant appeal.

17          In light of the above, appellant's ninth Administrative Request for an extension of

18  time to file his opening brief is hereby DENIED.

19          In addition, as appellant has failed to file his opening brief, even though he has

20  been afforded numerous extensions of time to do so, appellant is hereby ORDERED TO

21  SHOW CAUSE, in writing and no later than August 14, 2020, why the instant bankruptcy

22  appeal should not be dismissed for failure to file an opening brief.  See Fed. R. Bankr.

23  Proc. 8018(a)(4) (providing, where "appellant fails to file a brief on time or within an

24  extended time authorized by the district court, . . . the district court . . ., after notice, may

25  dismiss the appeal on its own motion").

26          **IT IS SO ORDERED.**

27  Dated: July 29, 2020

28                                                MAXINE M. CHESNEY
                                                  United States District Judge