IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re:<br><br>PACIFIC THOMAS CORPORATION,<br><br>Debtor | Case No. 19-cv-06194-MMC<br>Bankruptcy Case No. 14-54232 MEH<br><br>**DECISION AFFIRMING ORDERS DENYING MOTION FOR RELIEF FROM STAY AND FOR RECONSIDERATION** |

      Before the Court is appellant Welton Penney's ("Penney") appeal from the Bankruptcy Court's order, filed July 1, 2019, denying his motion to lift the automatic stay for the purpose of his pursuing a complaint he filed in state court in 2014, and from the Bankruptcy Court's order, filed August 19, 2019, denying his motion for reconsideration of said denial. Having read and considered the parties' respective briefs, including the portions of the record cited therein, the Court rules as follows.

      On August 5, 2012, Pacific Thomas Corporation filed a petition for bankruptcy protection under Chapter 11 of the Bankruptcy Code. (See Doc. No. 1, In re Pacific Thomas Corporation, Bankruptcy Case No. 14-54232 MEH.) As a result of said filing, a "stay" automatically arose with respect to actions against the debtor, see 11 U.S.C. § 362(a)(1), including actions to "obtain possession of property of the estate or of property from the estate or to exercise control over property of the estate," see 11 U.S.C. § 362(a)(2).

      On August 14, 2014, Penney filed in state court an action against his former employer Self Storage Self Storage Management of California ("Self Storage") and against two managers of Self Storage, in which he alleged he was wrongfully terminated,

that he was wrongfully evicted from an apartment,[1] and that defendants, after the eviction, refused to return personal property left in the apartment and at the worksite. (See Docs. 1096-97, In re Pacific Thomas Corporation, Bankruptcy Case No. 14-54232 MEH.)

On June 13, 2019, Penney filed in the Bankruptcy Court a motion, pursuant to 11 U.S.C. § 362(d), seeking relief from the automatic stay for purposes of allowing him to proceed in state court with his 2014 action. In opposition thereto, the Trustee submitted an order issued by the state court on March 19, 2015, by which order the state court had dismissed Penney's state court action. On July 1, 2015, the Bankruptcy Court denied Penney's motion for relief as moot. Thereafter, on July 15, 2019, Penney filed a motion for reconsideration, arguing "new evidence" existed to warrant reconsideration, specifically, his having filed, on July 12, 2019, a second state court action, which he described as raising "substantially the same legal issues and seeking similar relief as the prior action." (See Doc. No. 1109 at 2:9-11, 5:13-17, Ex. B, In re Pacific Thomas Corporation, Bankruptcy Case No. 14-54232 MEH.) On August 19, 2021, the Bankruptcy Court denied the motion for reconsideration.

As noted, Penney challenges both of the orders issued by the Bankruptcy Court. The Court thus turns to the question of whether issuance of either of those orders constituted an abuse of discretion, see In re Gruntz, 202 F.3d 1074, 1084 n.9 (9th Cir. 2000) (holding bankruptcy court order denying relief from automatic stay is reviewed for abuse of discretion); Corex Corp. v. United States, 638 F.2d 119, 121 (9th Cir. 1981) (holding order denying motion for reconsideration is reviewed for abuse of discretion), and, having considered the matter, finds the Bankruptcy Court did not abuse its discretion.

---

[1] Although Penney did not name Pacific Thomas Corporation as a defendant in his 2014 state court complaint, he asserts the Chapter 11 Trustee, at the time he filed his 2014 lawsuit, took the position that the named defendants were "protected by the bankruptcy stay since the underlying property was owned by [the] debtor." (See Penney's Opening Brief at 12:19-21.)

2

First, the Bankruptcy Court did not abuse its discretion in denying Penney's motion to lift the stay, given that the state court had dismissed the 2014 action more than four years before the date on which Penney sought relief from the stay. See, e.g., United States v. Ford, 650 F.2d 1141, 1142-43 (9th Cir. 1981) (holding party's motion for leave to intervene in case was "moot," where case had been dismissed); Ruby v. Pan American World Airways, Inc., 360 F.2d 691 (2nd Cir. 1966) (holding appeal from denial of injunctive relief became "moot" after complaint dismissed).

Second, the Bankruptcy Court did not abuse its discretion in denying Penney's motion for reconsideration, as the motion was based entirely on an event occurring after the denial of his motion for relief, specifically, his having filed, eleven days after the denial of his motion for relief, a new case in state court, and, contrary to Penney's argument, such filing does not constitute "new discovered evidence." (See Penney's Opening Brief at 19:24-27); see also Corex, 638 F.2d at 121-22 (holding "newly discovered evidence," for purposes of motion for reconsideration, does not include "events occurring" after issuance of order movant seeks to have reconsidered).[2]

## CONCLUSION

For the reasons stated above, the Bankruptcy Court's order denying Penney's motion for relief from the stay is hereby AFFIRMED, and the Bankruptcy Court's order denying reconsideration is hereby AFFIRMED.

**IT IS SO ORDERED.**

Dated: March 22, 2021

MAXINE M. CHESNEY
United States District Judge

---

[2] In both his Opening Brief and Reply Brief, Penney argues he is entitled to relief from the automatic stay so that he can pursue the state court action he filed in 2019. As the Court observed in a prior order, however (see Order, filed July 29, 2020, at 1:26-28), Penney has not filed in the Bankruptcy Court a motion seeking relief from the automatic stay based on his pursuing his more recently filed action, and, consequently, the Bankruptcy Court has not had occasion to rule on any such request.